IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT LANE NELSON,

Petitioner,

vs.

D.K. SISTO, Warden, et al.,

Respondents.

No. 2:06-cv-02809-JCW

ORDER

Scott Lane Nelson, a California state prisoner, petitions *pro se* for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Nelson challenges a decision by the governor of California reversing the California Board of Parole Hearings' decision to grant Nelson a parole date. The United States Court of Appeals for the Ninth Circuit is currently adjudicating an appeal, *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), argued *en banc* and submitted for decision June 24, 2008, which will probably have an impact on how federal district courts review parole decisions made by the governor.

1   Therefore, a *sua sponte* stay of the proceedings is ordered pending resolution of

2   *Hayward* by the *en banc* court.

3   A district court has the inherent power to stay cases to control its docket and

4   promote efficient use of judicial resources. *See Landis v. N. Am. Co.*, 299 U.S. 248,

5   254-55 (1936); *Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d

6   1059, 1066 (9th Cir. 2007). In determining whether a stay is appropriate pending

7   the resolution of another case, a district court must consider various competing

8   interests, including: (1) the possible damage which may result from the granting of a

9   stay; (2) the hardship to the parties if the suit is allowed to go forward; and (3) the

10  orderly course of justice measured in terms of the simplifying or complicating of

11  issues, proof, and questions of law which could be expected to result from a stay.

12  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-09 (9th Cir. 2005), *citing CMAX,*

13  *Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Additionally, a district court must

14  consider whether a stay pending resolution of another case is likely to be resolved in

15  a reasonable amount of time because of our duty to adjudicate habeas petitions in a

16  reasonable time frame. *Yong v. INS*, 208 F.3d 1116, 1119-20 (9th Cir. 2000).

17  **1.    Damage**

18  The only potential damage resulting from a stay is to Nelson, who may have

19  to wait longer for resolution of his petition. However, prudence dictates waiting

1  until the Court of Appeals for the Ninth Circuit's *en banc* decision in *Hayward* so

2  that Nelson's claims need not be reconsidered in the wake of that appeal.

3  Reconsideration would also result in delay.  It is consequently not clear that a stay

4  pending *Hayward* will ultimately lengthen the pendency of Nelson's petition.

5  I conclude that the possible damage to Nelson is minimal.

6  **2.   Hardship**

7  Both parties face the prospect of hardship if the petition were decided before

8  *Hayward*.  If *Hayward* affects the legal standard applicable to federal habeas

9  petitions challenging a governor's decision with respect to parole, this proceeding

10  may need to be reconsidered and may result in duplicate hearings.  Therefore, both

11  parties would be disadvantaged by permitting the petition to proceed at this stage.

12  **3.   Orderly Course of Justice**

13  A stay pending resolution of *Hayward* will permit the consideration of

14  Nelson's petition under the most current precedent and thereby will simplify the

15  proceedings and promote the efficient use of judicial resources.  It is in the interest

16  of justice to await the *en banc* decision in *Hayward* rather than proceed and have to

17  reconsider the case.  Therefore, a stay promotes the orderly course of justice.

### 4. Temporal Limit

"'The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if . . . trial courts do not act within a reasonable time.' A long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." *Yong*, 208 F.3d at 1120, *quoting Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978). Here, however, the stay is not indefinite and is related to the timing of the *en banc* decision in *Hayward*, which the *en banc* court has already had under consideration for over a year. The length of the stay will not be unreasonable.

Therefore, it is ORDERED that this action be administratively stayed pending the Ninth Circuit's decision in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008).

Dated: August 20, 2009         /s/ J. Clifford Wallace
                               HON. J. CLIFFORD WALLACE
                               UNITED STATES CIRCUIT JUDGE
                               Sitting by Designation