UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT LANE NELSON, | No. 2:06-cv-02809-JCW |
| Petitioner, | <u>ORDER TO SHOW CAUSE</u> |
| v. | |
| D.K. SISTO, Warden, et al., | |
| Respondents. | |

    Petitioner Nelson, while still a California state prisoner, petitioned *pro se* for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  According to Nelson, his due process rights were violated in 2004, when the Governor of California reversed an order of parole issued by the State Board of Prison Terms.

    According to Respondents, the Mendocino County Superior Court issued a state order for post-conviction relief and directed Nelson to be released from custody in 2009.  The Governor apparently did not appeal the decision and Nelson has been released on parole.  Despite Nelson's release, neither party apparently felt the need to share this information with this court, and I conducted an unnecessary full review of the record and issued an eighteen-page order granting Nelson's petition on November 2, 2010, probably <u>over one year</u> after Nelson left

1

the prison.  I did not learn of Nelson's release until December 8, 2010, which was shortly after I reopened this matter sua sponte based on intervening Court of Appeals for the Ninth Circuit authority and ordered Respondents to provide a status report in this case.

In light of Nelson's release pursuant to a state court judgment, it appears that the instant action is now, and has been for some time, moot.  *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  Nevertheless, before dismissing this action for lack of a current case or controversy, I order as follows:

(1) Respondents shall provide a status report with documentation demonstrating Nelson's release from custody.  This status report shall be filed fourteen days after the date of this order.

(2) To the extent that Nelson believes that there is some pending case or controversy that warrants continued jurisdiction over this action, he is ordered to show cause why this case should not be dismissed as moot.  Any showing of cause shall be filed no later than fourteen days after the date of this order.

(3) The parties are advised to report to the court promptly when events occur that have a significant impact on this court's proceedings.  Judges, law clerks and an over-extended Clerk's Office have better things to do than draft and file lengthy orders for matters that do not contain a current controversy.  Respondents' failure to alert the court of Nelson's release in a timely manner is particularly disappointing.

DATED: December 27, 2010              __/s/J. Clifford Wallace_____

                                                             J. Clifford Wallace
                                                          United States Circuit Judge