1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT LANE NELSON,                    No. 2:06-cv-02809-JCW

12              Petitioner,                 ORDER
              v.
13
      D.K. SISTO, Warden, et al.,
14
              Respondents.
15    _____/

16        Nelson filed a petition for habeas corpus in December 2006.  Nelson argues

17   that he was deprived of his right to due process when Governor Schwarzenegger

18   reversed a favorable parole suitability decision, which had been issued previously

19   by the California Board of Prison Terms (Board). According to Nelson, the

20   Governor's reversal should be overtured because it is not supported by "some

21   evidence" of current dangerousness.

22        Relying on precedent at the time, I initially granted the writ in a November

23   2010 order.  *See Nelson v. Sisto*, No. 06-CV-2809, 2010 WL 4530356 (Nov. 2,

24   2010). Before the judgment became final, however, the Court of Appeals for the

25   Ninth Circuit issued its decision in *Haggard v. Curry*, 623 F.3d 1035, *amended by*

26   631 F.3d 931 (9th Cir. 2010) (refining the liberty interest created by California's

                                           1

1  some evidence standard for parole determinations).  Based on *Haggard*, I vacated

2  my previous judgment, reopened this matter, and directed the parties to provide

3  supplemental briefs.  *See* No. 06-CV-2809, Doc. 17.

4       In their supplemental briefs, the Respondents acknowledged the potential

5  applicability of *Haggard*, but they argued that this intervening authority did not

6  matter because Nelson had already been released.  In light of Nelson's release, of

7  which I had not previously been apprised, I ordered both sides to show cause why

8  this case should not be dismissed as moot.

9       In the time since I issued the order to show cause, and notwithstanding the

10 potential for mootness, additional intervening authority has made it abundantly

11 clear that Nelson's habeas claims are without merit.  In a recent decision, the

12 Supreme Court held that "the responsibility for assuring that the constitutionally

13 adequate procedures governing California's parole system are properly applied

14 rests with California courts," not the federal judiciary.  *See Swarthout v. Cooke*,

15 131 S. Ct. 859, 863 (2011).  The Court of Appeals's well-reasoned decision in

16 *Roberts v. Hartley*, further clarifies that it makes "no difference" for purposes of

17 the Due Process Clause that an inmate "may have been subjected to a

18 misapplication of California's 'some evidence' standard."  — F.3d —, 2011 WL

19 1365811, at *3 (9th Cir. Apr. 12, 2011).  Instead, the due process inquiry turns on

20 whether the person seeking parole was given "an opportunity to be heard and . . .

21 a statement of the reasons why parole was denied."  *See id.*, *quoting Cooke*, 131 S.

22 Ct. at 862.  Because it is undisputed that Nelson received these procedural

23 protections, his habeas claims necessarily fail.  *See id.*.

24      It is of no consequence that "the Governor, rather than the Board, denied

25 [Nelson's] request for parole."  *See Styre v. Adams*, — F.3d —, 2011 WL

26 2176465, at *1 (9th Cir. June 6, 2011).  In *Styre*, the Court of Appeals definitively

2

1  resolved that "the Due Process Clause does not require that the Governor hold a

2  second suitability hearing before reversing a parole decision." *Id.*  Styre was

3  given an opportunity to be heard before the Board and received an explanation of

4  reasons underlying the State's decision.  This is all that is required.  *Id.*

5      It ORDERED that Nelson's petition for a writ of habeas corpus is denied.

6  The clerk of the court is directed to enter judgment in Respondents' favor and to

7  TERMINATE this action WITH PREJUDICE.

8

9  DATED: June 9, 2011            _/s/J.  Clifford Wallace  _____

10                                      J. Clifford Wallace
                                      United States Circuit Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26